Mary T. Hone, Esq. - SBN 010891
**THE LAW OFFICES OF MARY T. HONE, PLLC**
10505 North 69th Street, Suite 1400
Scottsdale, Arizona 85253
Phone: (480) 336-2557
Fax: (480) 478-0146
E-Mail: Mary@honelegal.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARLOS C. HERNANDEZ, a married man dealing with his sole and separate property,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, a North Carolina corporation; EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; TRANSUNION, a Pennsylvania corporation; EXPERIAN, a Texas corporation;<br><br>Defendants. | Cause No.<br><br>**COMPLAINT**<br><br>(Violation of RESPA, FDCPA, FCRA)<br><br>(Jury Demanded) |

Plaintiff, CARLOS C. HERNANDEZ, for his Complaint against Defendants, alleges as follows:

1. Plaintiff is a natural person and a resident of the State of Arizona.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant Bank of America (hereafter sometimes "BofA") is, upon information and belief, a Delaware limited liability company, authorized to do and doing business in Arizona.

1

4. Defendant Equifax is, upon information and belief, a Georgia corporation, authorized to do and doing business in the State of Arizona.

5. Defendant TransUnion is, upon information and belief, a Pennsylvania corporation, authorized to do and doing business in the State of Arizona.

6. Defendant Experian is, upon information and belief, a Texas corporation, authorized to do and doing business in the State of Arizona.

## NATURE OF THE ACTION

7. This is an action for actual, statutory and punitive damages, costs and attorney's fees for Defendants' violations of their statutory obligations pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq. and the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. §1601 et seq.

## JURISDICTION AND VENUE

8. The United States District Court has jurisdiction pursuant to Title 28 U.S.C. §1331.

9. Venue is proper in Arizona pursuant to Title 28 U.S.C. §1391(b)(2) because the Plaintiff is a resident of Arizona and the transactions conducted with respect to the violations all occurred in Arizona.

## FACTS COMMON TO ALL COUNTS

10. On March 3, 1998 Plaintiff purchased real property commonly known as 28612 N 213th Avenue in Wittmann, Maricopa County, Arizona (hereafter "the Property"), evidenced by a deed to the Property recorded March 12, 1998 at MCR# 98-0191233.

11. On July 1, 2003 Plaintiff executed a lien ("the 2003 lien") against the Property to secure repayment of a 15 year promissory note ("the Note") made payable to Arizona Wholesale Mortgage, Inc., in the principal amount of $92,200, evidenced by a Deed of Trust recorded

July 1, 2003 at MCR#20030860527.

12. Arizona Wholesale Mortgage's interest was eventually transferred to PNC Mortgage.

13. On or about November 20, 2014 Defendant Bank of America paid PNC Mortgage the sum of $14,568.79 on a check allegedly drawn on Plaintiff's account.   A true and correct copy of proof of payment is attached as **Exhibit "A"** and incorporated herein by this reference.

14. On December 29, 2014 the 2003 lien was released and the release was recorded at MCR# 20140852143.

15. The $14,568.79 payment by Bank of America was never requested or authorized by Plaintiff.

16. On January 28, 2015 Defendant Bank of America sent a statement to Plaintiff demanding that Plaintiff make payments to a Bank of America account ending in 2312.  A true and correct copy of the demand is attached hereto as **Exhibit "B"** and incorporated herein by this reference.

17. On February 23, 2015 undersigned counsel for Plaintiff wrote to Bank of America requesting information about the alleged debt.  A true and correct copy of the letter is attached hereto as **Exhibit "C"** and incorporated herein by this reference.

18. On March 1, 2015 Plaintiff telephoned Bank of America to inquire about the alleged debt and gave Bank of America the telephone number for undersigned counsel.

19. On March 25, 2015 undersigned counsel for Plaintiff wrote to Bank of America asking for evidence that the debt was owed.  A true and correct copy of the demand is attached hereto as **Exhibit "D"** and incorporated herein by this reference.

20. On March 26, 2015 Bank of America closed Plaintiff's other, legitimate BofA credit card account ending in 1322.  A true and correct copy of the notice is attached hereto as **Exhibit "E"** and incorporated herein by this reference.

21. On April 9, 2015 Bank of America "verified" the debt by giving Plaintiff the date the account was allegedly opened, the date the account was allegedly last used and the alleged unpaid principal balance. A true and correct copy of the response is attached hereto as **Exhibit "F"** and incorporated herein by this reference.

22. The April 9, 2015 response from BofA requests additional information from Plaintiff that had previously been supplied to BofA. See Exhibit F.

23. On April 14, 2015 undersigned counsel for Plaintiff wrote again to Bank of America requesting the same information. A true and correct copy of the letter is attached hereto as **Exhibit "G"** and incorporated herein by this reference.

24. On August 24, 2015 undersigned counsel for Plaintiff wrote again to Bank of America requesting proof that Plaintiff owes a debt to Defendant BofA. A true and correct copy of the letter is attached hereto as **Exhibit "H"** and incorporated herein by this reference.

25. To date, Defendant has not responded with any evidence that Plaintiff (a) requested this credit from Bank of America or (b) owes Bank of America this debt for any reason whatsoever.

26. Bank of America has denied Plaintiff legitimate credit that was applied for and obtained previously (see Exhibit E) and caused Plaintiff's credit score to drop from 753 to 605. See August 2014 letter from BofA showing Plaintiff's credit score at 753 attached hereto as **Exhibit "I"** and incorporated herein by this reference, as well as the letter from Synchrony Bank dated July 20, 2015 showing Plaintiff's credit score of 605, and the August 3, 2015 letter from Sears Cardmember Services showing Plaintiff's credit score of 600 and the March 26, 2015 letter from BofA closing Plaintiff's BofA account ending in #1322.

4

### FIRST CAUSE OF ACTION
### (Failure to properly respond to QWR pursuant to RESPA)

Plaintiff realleges and incorporates by this reference those allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

27. Defendant has violated the provisions of 12 U.S.C. §2605(e) et seq. by failing to respond to Plaintiff's QWR as required by RESPA.

28. As a direct and proximate result, Defendant Bank of America caused Plaintiff actual damage and Plaintiff is entitled to judgment against Defendant Bank of America for actual damages.

### SECOND CAUSE OF ACTION
### (Fair Credit Reporting Act - Equifax)

Plaintiff realleges and incorporates by this reference those allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

29. In October 2015 Plaintiff requested and received a copy of his credit file compiled and maintained by Equifax.

30. Within the Equifax credit report, Equifax reported that Plaintiff had opened and was responsible for the credit account, which account was still outstanding and had a derogatory payment history ("the BofA representation").

31. The BofA representation was false because Plaintiff had not applied for or agreed to this alleged credit from Bank of America to pay off the PNC Mortgage at some undisclosed interest rate over an undisclosed period of time with an unknown monthly payment amount.

32. In September 2015 Bank of America "charged off" the balance Plaintiff allegedly owed it.

33. On October 6, 2015 Plaintiff sent a letter by certified mail to Equifax disputing the debt to Bank of America and demanding that Equifax verify the debt. A true and correct copy of the letter is attached hereto as **Exhibit "J"** and incorporated herein by this reference.

34. Equifax responded on October 19, 2015 showing Plaintiff paid the "debt" owed to BofA late during 2015 and showing the "debt" was charged off by BofA in July 2015. See Equifax response attached hereto and incorporated herein by this reference as **Exhibit "K".**

35. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the BofA representation.

36. In the alternative, Plaintiff alleges that Equifax did forward some notice of the dispute to BofA and BofA failed to conduct a lawful investigation.

37. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this action and/or inaction by Equifax, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

39. Equifax's action and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

40. In the alternative, Equifax was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
**(Fair Credit Reporting Act - TransUnion)**

Plaintiff realleges and incorporates by this reference those allegations contained in paragraphs 1 through 40 above as though fully set forth herein.

6

41. In October 2015 Plaintiff requested and received a copy of the credit file of the Plaintiff compiled and maintained by TransUnion.

42. Within the TransUnion credit report, Equifax reported that Plaintiff had opened and was responsible for the credit account, which account was still outstanding and had a derogatory payment history ("the BofA representation").  See credit report attached hereto and incorporated herein by this reference as **Exhibit "L"**

43. The BofA representation was false because Plaintiff had not applied for or agreed to this alleged credit from Bank of America to pay off the PNC Mortgage at some undisclosed interest rate over an undisclosed period of time with an unknown monthly payment amount.

44. In September, Bank of America "charged off" the balance allegedly owed in September 2015. See Exhibit L.

45. On October 6, 2015 Plaintiff sent a letter by certified mail to TransUnion disputing the debt to Bank of America and demanding that TransUnion verify the debt.  See Exhibit J.

46. TransUnion responded and verified it made no change to Plaintiff's account.  See response attached hereto and incorporated herein by this reference as **Exhibit "M".**

47. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, TransUnion did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the BofA representation.

48. In the alternative, Plaintiff alleges that TransUnion did forward some notice of the dispute to BofA and BofA failed to conduct a lawful investigation.

49. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

50. As a result of this action and/or inaction by TransUnion, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

51. TransUnion's action and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

52. In the alternative, TransUnion was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

**FOURTH CAUSE OF ACTION**
**(Fair Credit Reporting Act - Experian)**

Plaintiff realleges and incorporates by this reference those allegations contained in paragraphs 1 through 52 above as though fully set forth herein.

53. In October 2015 Plaintiff requested and received a copy of the credit file of the Plaintiff compiled and maintained by Experian.

54. Within the Experian credit report, Equifax reported that Plaintiff had opened and was responsible for the credit account, which account was still outstanding and had a derogatory payment history ("the BofA representation").

55. The BofA representation was false because Plaintiff had not applied for or agreed to this alleged credit from Bank of America to pay off the PNC Mortgage at some undisclosed interest rate over an undisclosed period of time with an unknown monthly payment amount.

56. In September, Bank of America "charged off" the balance allegedly owed in September 2015.

8

57. On October 6, 2015 Plaintiff sent a letter by certified mail to Experian disputing the debt to Bank of America and demanding that Experian verify the debt.  See Exhibit J.

58. Experian responded but made no change to Plaintiff's account, instead requesting that further steps, not required by the Act, be taken before Experian would respond.  See response attached hereto and incorporated herein by this reference as **Exhibit "N".**

59. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the BofA representation.

60. In the alternative, Plaintiff alleges that Experian did forward some notice of the dispute to BofA and BofA failed to conduct a lawful investigation.

61. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

62. As a result of this action and/or inaction by Experian, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

63. Experian's action and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

64. In the alternative, Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

### FIFTH CAUSE OF ACTION
### (Defamation - Bank of America)

Plaintiff realleges and incorporates by this reference those allegations contained in paragraphs 1 through 64 above as though fully set forth herein.

65. Bank of America ("BofA") published the BofA representations to Equifax, Experian and TransUnion and through them to all of Plaintiff's current and potential lenders.

66. The defamation was willful and with malice.  BofA did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the BofA representation.

67. BofA also had substantial evidence in the form of letters from counsel, telephone calls from Plaintiff and Plaintiff's counsel and its own file showing a complete absence of any application and/or signature from Plaintiff, by which it could have verified that the Plaintiff was not responsible for the account reported in the BofA representation.

68. BofA willfully determined to follow procedures which did not review, confirm or verify the validity of the debt, but rather parroted its previous request that Plaintiff provide again the information he already sent several times. See response attached hereto and incorporated herein by this reference as **Exhibit "O"**

69. Even if BofA would attempt to plead ignorance prior to February 23, 2015, once it received the letters from Plaintiff and Plaintiff's counsel disputing the debt, it had all the information with which to confirm that Plaintiff was not liable for the debt.

70. As a result of BofA's action and/or inaction, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; increased interest and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials. See response attached hereto and incorporated herein by this reference as **Exhibit "P"**.

71. The defamation, conduct, action and inaction of BofA were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against BofA in an amount to be determined by the Court.

## SIXTH CAUSE OF ACTION
### (Violation of the FCRA - Bank of America)

Plaintiff realleges and incorporates by this reference those allegations contained in paragraphs 1 through 71 above as though fully set forth herein.

72. BofA violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by continuing to include the BofA representation within Plaintiff's credit file with Equifax, TransUnion and Experian without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the BofA representation; by failing to review all relevant information regarding same; by failing to accurately respond to the three bureaus.

73. As a result of its conduct, BofA caused Plaintiff damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.  See Exhibit O.

74. BofA's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

75. Plaintiff is entitled to recover costs and attorney's fees from BofA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## SEVENTH CAUSE OF ACTION
### (Declaratory Relief)

Plaintiff realleges and incorporates by this reference those allegations contained in paragraphs 1 through 75 above as though fully set forth herein.

76. This claim is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and Fed.R.Civ.P. 57.

77. A current controversy exists between Plaintiff and Defendants as to the validity of the BofA debt, their respective rights, and corresponding obligations, duties, and responsibilities toward one another regarding the BofA debt.

78. The Court should declare that Plaintiff has no personal liability for the BofA debt and that Defendants should not have reported any negative information on Plaintiff's credit file relating to the BofA debt.

79. All of the rights and obligations of the parties hereto arose out of what is actually one series of transactions, happenings or events, all of which can be settled and determined in a judgment in this one action.

80. Court intervention is required to resolve the controversy that exists between the parties.

**WHEREFORE,** Plaintiff seeks the following relief from Defendants:

A.      A judgment against all Defendants on counts 1, 2, 3, 4 and 5 for Defendants' willful noncompliance with the Fair Credit Reporting Act and the Fair Debt Collection Practices Act;

B.      Statutory remedies as defined by 15 U.S.C. §1681n;

C.      An award of actual damages;

D.      An award of punitive damages;

12

E.      A judgment declaring that Plaintiff has no liability for the alleged BofA debt;

F.      A mandatory injunction ordering Defendants to remove all negative credit reporting relating to the alleged BofA debt and restoring Plaintiff's credit score;

G.      Judgment for attorney's fees and costs of suit; and

H.      Any further relief this Court deems just.

DATED this _____28th_____ day of December, 2015.


THE LAW OFFICES OF MARY T. HONE, PLLC


Mary T. Hone
Mary T. Hone – AZ Bar # 010891

13

1

**VERIFICATION**

2

3    STATE OF ARIZONA            )
                                 ) ss.
4    County of Maricopa          )

5            I, CARLOS HERNANDEZ, being first duly sworn upon oath, depose and say:

6            1.    I am the Plaintiff in this action and am authorized to make this

7    verification;

8            2.    I have read the foregoing Complaint and am familiar with the statements

9    made therein;

10           3.    I know the contents thereof and the statements and allegations contained

11
12   therein are true and accurate to the best of my present knowledge.

13           DATED this 28th day of December, 2015.

14

15                                    _____
16                                    Carlos C. Hernandez

17           SUBSCRIBED AND SWORN TO before me this 28th day of December, 2015, by

18   Carlos C. Hernandez.

19

20                                    _____
                                      NOTARY PUBLIC
21

22   My Commission Expires:

23   8·28·18

24                                    JULIE JENSEN
                                      Notary Public - Arizona
                                      Maricopa County
                                      My Commission Expires
25                                    August 28, 2018

Verification - 1